UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MAYNARD MERRITT #124294,

    Petitioner,

v.                                                           Case No. 2:05-cv-60
                                                                    HON. DAVID W. MCKEAGUE

JERI-ANN SHERRY,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Maynard Merritt filed this petition for writ of habeas corpus challenging the validity of the revocation of his state parole for the 1984 violation of his parole. Petitioner was convicted pursuant to a guilty plea of arson on March 23, 1979. Petitioner was sentenced to 8 to 20 years imprisonment. Petitioner claims that he was paroled on June 27, 1983, but on September 20, 1984, he was accused of failing to report to his parole agent, which is a parole violation and a warrant was issued. Petitioner was arrested for a violation of the Controlled Substance Act on October 26, 1984. On October 28, 1984, Petitioner was released, pending further investigation of that violation. Petitioner was informed that if charges were to be brought, he would be notified by mail to appear in court. Petitioner was subsequently notified to appear in court, but failed to appear, causing a warrant to be issued for his arrest. Petitioner was arrested on June 26, 1988, and was formally charged with possession of methaqualone. Petitioner posted bail on September 25, 1988. Petitioner failed to appear in court on October 14, 1988, and a capias was issued by the Sixth Circuit. Petitioner was arrested on February 8, 1991, and was placed in the Wayne County Jail. On March 15, 1991, Petitioner was released on a personal bond.

Petitioner states that when he was released from confinement on October 28, 1984, September 25, 1988, and March 15, 1991, he was not convicted of either a felony of a misdemeanor. Petitioner claims that because 45 days elapsed on each of those releases, and because he was not given a parole revocation hearing within 45 days of each of his arrests, the revocation of his parole violated state law.  *See* MICH. COMP. LAWS § 791.240a(1) (a state prisoner is entitled to a fact-finding hearing within 45 days after he became available for return to a state correctional facility). Petitioner is currently serving a 6 to 15 year sentence related to his 1991 arrest for manslaughter. *See* MDOC Offender Profile for Petitioner, http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdoc Number=124294.  He is also serving the remainder of a term of eight to twenty years on his 1979 conviction for arson.  *Id.*

Petitioner appears to be challenging the 1991 revocation of his parole based on the failure to provide him with a timely hearing.  Petitioner states that he filed a challenge to his parole revocation in the Branch County Circuit Court in September of 2003, which was denied on November 3, 2003.  Petitioner filed an appeal in the Michigan Court of Appeals, which was denied on October 1, 2004.  Petitioner attaches copies of these orders as exhibits to his federal habeas corpus petition.  Petitioner alleges that he also filed an appeal in the Michigan Supreme Court, which was denied on December 22, 2004.  Petitioner filed his federal application for habeas corpus relief on March 21, 2005.

Promptly after the filing of a petition for habeas corpus, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. Rule 4; *see Allen v Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S.

906 (1970) (district court has the duty to "screen out" petitions that lack merit on their face). After undertaking the review required by Rule 4, the undersigned recommends that Petitioner's application for habeas corpus relief be dismissed with prejudice.

In the opinion of the undersigned, Petitioner's application is barred by the one-year period of limitation provided in 28 U.S.C. § 2244(d)(1), which was enacted on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act , PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). The one-year period of limitation provided in § 2244(d)(1) is new, as there previously was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest ofS
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition if it appears that the state has been prejudiced in its ability to respond to the petition by delay in filing unless the petitioner showed that the petition was based on grounds that he could not have known before the circumstances prejudicial to the state occurred.

28 U.S.C. § 2244(d)(1). The running of the period of limitation is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In this case, § 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that Petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." It appears from Petitioner's application that Petitioner's parole was revoked in relation to his 1992 manslaughter conviction.

By the letter of the statute, Petitioner had one year from the date of his parole revocation to file his habeas application. However, a literal application of § 2244(d)(1), which was enacted on April 24, 1996, would extinguish claims that could have been brought prior to the enactment of the provision. As one court has stated:

> [O]n the eve of the Act's enactment, Petitioner could have been confident that he possessed the right to petition this Court for a writ of habeas corpus, only to rise the next morning to learn that his right had not only disappeared, but had expired three years earlier.

*Martin v. Jones*, 969 F. Supp. 1058, 1060 (M.D. Tenn. 1997). If Petitioner had filed his application on April 23, 1996, his claim would have been viable because the period of limitation had not yet been enacted. *See Lindh v. Murphy*, 117 S. Ct. 2059, 2063, 2068 (1997) (amendments to chapter 153, including period of limitation under § 2244(d)(1), generally apply only to habeas cases filed after enactment of the AEDPA).

Because § 2244(d)(1) could extinguish claims, many courts have allowed a grace period of one year. The Sixth Circuit recently joined the Third and Fifth Circuits, and held that the grace period is one year from the effective date of the AEDPA, April 24, 1996. *Brown v. O'Dea*,

187 F.3d 572, 577 (6th Cir. 1999). Thus, Petitioner is accorded a one-year grace period. Petitioner filed his state habeas corpus action in September of 2003, more than six years after the passage of the grace period. Thus, any potentially applicable grace period would not provide Petitioner with a method to avoid the applicability of the period of limitation provided in § 2244(d)(1).

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because Petitioner's one-year period expired in the early 1990s, his state habeas corpus petition filed in 2003 does not serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. April 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Rashid v. Khulmann*, 991 F. Supp 254, 259 (S.D. N.Y. 1998); *Whitehead v. Ramirez-Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793 (N.D. Cal. Feb. 2, 1999).

In summary, the undersigned concludes that Petitioner's claims are barred by the applicable statute of limitations and therefore recommends that this Court dismiss the petition with prejudice.

The Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of his petition on statute of limitations grounds. *See Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002). This report and recommendation shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. Furthermore, Petitioner's ability to file objections to this report and recommendation constitutes his opportunity to be heard by the District Judge.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, if the court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application on procedural grounds that it is barred by the statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed on the procedural grounds that it is barred by the statute of limitations. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley  
      TIMOTHY P. GREELEY  
      UNITED STATES MAGISTRATE JUDGE

Dated:   May 4, 2005