UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAYNARD MERRITT #124294,

        Petitioner,

                                                              Case No. 2:05-cv-60

v.

                                                              Honorable David W. McKeague[*]

JERI-ANN SHERRY,

       Respondent.

_____/

**MEMORANDUM OPINION AND ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION**

       This case presents a petition of a state prisoner, proceeding *pro se*, for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition has been reviewed by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). On May 4, 2005, the Magistrate Judge issued a Report and Recommendation, recommending the petition for writ of habeas corpus be dismissed. Petitioner filed timely objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. For the reasons that follow, the Court finds petitioner's objections without merit and will approve and adopt the Report and Recommendation as the Opinion of the Court.

       As the Magistrate Judge noted, petitioner's conviction became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The statute of limitations therefore began to run on April 24, 1996, and expired one year later, on April 24, 1997. Petitioner

---

      [*] The Hon. David W. McKeague, United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

filed his state habeas corpus action in September 2003, more than six years after the passage of the statute of limitations.

Petitioner largely seeks to re-argue the merits of his habeas corpus petition. The Magistrate Judge determined, in the Report and Recommendation, that petitioner's claim is barred by the applicable statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A). Citing 28 U.S.C. § 2244(d)(2), petitioner argues that the "clock" did not begin to run on his claim until December 22, 2004, when the Michigan Supreme Court denied his leave to appeal his state challenge to the revocation of his parole. However, the statute of limitations had already run at the time petitioner filed his action in state court and the Magistrate Judge properly noted that petitioner's state habeas corpus petitioner, filed in 2003, did not revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner argues that he will be the victim of a fundamental miscarriage of justice if the Court does not adjudicate his claim. However, the cases on which petitioner relies are not applicable to his case as they involve instances of procedural default. There is no argument here that petitioner procedurally defaulted any claims. Furthermore, petitioner may establish a fundamental miscarriage of justice by showing that a constitutional error probably resulted in the conviction of one who is actually innocent. *See, e.g., Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004). Petitioner does not argue and cannot establish that he is actually innocent.

The Court has duly reviewed and carefully considered the findings of the Magistrate Judge in the Report and Recommendation and finds that the Report and Recommendation is well reasoned and in accord with applicable law. Now therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation is **APPROVED** and **ADOPTED** over petitioner's objections as the Opinion of the Court. Accordingly, petitioner's

habeas corpus petition, pursuant to 28 U.S.C. § 2254 is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner is hereby **DENIED** a certificate of appealability.


Dated: June 16, 2005              /s/   David W. McKeague
                                  DAVID W. McKEAGUE
                                  UNITED STATES CIRCUIT JUDGE